In re Norman Leroy OBERMEYER and Debra Jean Obermeyer, Debtors.

BENEFICIAL FINANCE COMPANY, Plaintiff,

v.

Norman Leroy OBERMEYER, Debra Jean Obermeyer, Defendants.

Bankruptcy No. 81–0061.
Related Case: 80–01871.

United States Bankruptcy Court,
N. D. Ohio, W. D.

May 26, 1981.

Michael N. Vaporis, Toledo, Ohio, for plaintiff.

David L. Sipe, Sandusky, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Trial was held on the Complaint of the Plaintiff for determination of dischargeability of debt, with the following Counsel present: Gordon Senerius, Attorney for Plaintiff and David L. Sipe, Attorney for the Defendants. Testimony having been entered, exhibits introduced and final arguments having been made, the Court makes the following findings of fact:

### FINDINGS OF FACT

1.) On March 28, 1979, the Defendants, Norman Leroy Obermeyer and Debra Jean Obermeyer, borrowed Four Thousand Twelve and 20/100 Dollars ($4,012.20) from the Plaintiff, Beneficial Finance Company.

2.) Defendants made irregular payments to Plaintiff until September, 1979, when they moved to Dallas, Texas.

3.) Prior to their move to Dallas, Texas, Defendants had a "yard sale" where they sold almost all of the household items listed in Plaintiff's Exhibit 'E' for approximately Four Hundred or Five Hundred Dollars. A portion of the remaining items were given away to avoid the necessity of transporting these items from Ohio to Texas.

4.) Defendants still have several of the items that were listed on Plaintiff's Exhibit 'E'.

5.) Defendants have had prior secured loans from City Loan and Avco.

 

6.) In response to a question from the Plaintiff as to whether or not she knew that she was not to dispose of the secured property, Defendant, Debra Jean Obermeyer, testified that "I probably knew I wasn't to dispose of the property, but didn't think about it."

7.) Defendant, Norman Leroy Obermeyer, testified that his understanding of collateral was that if the money was not paid, the property would be collected by the creditor to be sold to satisfy the debt.

8.) Defendants did not consult with the Plaintiff before the sale of the items in September, 1979.

9.) Defendants did not account to Plaintiff after the sale of the items for the monies received.

10.) When they contacted the Plaintiff's Office in Dallas, Defendants did not indicate that the collateral was no longer available and had been sold or given away.

### CONCLUSION OF LAW

*Colliers On Bankruptcy* discusses willful and malicious conversion in the following manner: a malicious injury is defined as a wrongful injury and without just cause or excuse, thus excluding the necessity of personal ill will. Willful is defined as intentionally doing an act which necessarily produces harm. Colliers further asserts that an injury is not limited to physical damage or destruction, but encompasses injury to intangible property and personal rights. "Thus, the conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception." *Colliers On Bankruptcy*, Vol. 1A, § 17.17, at 1653, 14th Ed. (1979).

It is the opinion of this Court that the action of the Defendants in selling or giving away most of the items on Plaintiff's Exhibit 'E' which were secured by the loan constituted a willful or malicious conversion of the property. It is to be understood that personal ill will of the Defendants has not been found to exist, but as indicated above, it is not a necessity for the Court to make a finding of willful and malicious conversion.

In so reaching this conclusion, the Court has considered all the evidence presented whether or not referred to specifically in the Opinion above. It is therefore

ORDERED, ADJUDGED AND DECREED that the obligation of the Defendants to the Beneficial Finance Company is not a dischargeable debt in Bankruptcy pursuant to Section 523(a)(6) of the Bankruptcy Code. The Complaint of the Plaintiff is hereby granted, and the debt of Defendants to the Plaintiff, Beneficial Finance Company in the amount of Three Thousand Two Hundred Eight and 74/100 Dollars ($3,208.74) together with Sixty Dollars ($60.00) court costs, for a total of Three Thousand Two Hundred Sixty-Eight and 74/100 Dollars ($3,268.74) is hereby found to be nondischargeable.