In re Ronald Lavern SCHUCK, Debtor,

Bonnie L. ECK, Plaintiff,

v.

Ronald Lavern SCHUCK, Defendant.

Bankruptcy No. BK 5–79–00936.
Adv. No. 5–80–0014.

United States Bankruptcy Court,
M.D. Pennsylvania.

April 30, 1982.

William Carlucci, Williamsport, Pa., for plaintiff Bonnie L. Eck.

Ambrose Campana, Williamsport, Pa., for debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, a creditor of the above captioned Chapter 7 debtor, commenced this proceeding for a determination that the debtor's debt to her is nondischargeable under § 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) states that a Chapter 7 discharge will not discharge an individual debtor from any debt for willful and malicious injury.

## FINDINGS OF FACT

1. The plaintiff and the debtor were married on May 8, 1971.

2. The plaintiff purchased a mobile home on April 14, 1976. The home was titled in the name of the plaintiff.

3. The plaintiff separated from the debtor on April 30, 1978.

4. Immediately prior to the time of the separation the plaintiff and the debtor were residing in the mobile home. Following April 30, 1978, the plaintiff vacated and left the debtor in possession of the premises.

5. Upon vacating the mobile home the plaintiff left behind numerous articles of personal property.

6. The plaintiff first returned to the home on June 1, 1978. She found that substantial damage had been done to the home and her personal possessions.

7. The plaintiff commenced a civil action against the debtor in the Court of Common Pleas of Lycoming County for trespass to chattels.

8. A court appointed panel of arbitrators entered judgment against the debtor and fixed the extent of the damage done by the debtor at $1,590.00.

9. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on December 10, 1979.

10. The debtor willfully and maliciously damaged the mobile home and its contents.

## DISCUSSION

■ Insofar as it relates to this proceeding, § 523(a)(6) of the Bankruptcy Code states that a discharge received under Chapter 7 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The meaning of the key phrase "willful and malicious injury" has been summarized as follows:

> In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional", a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury. (Footnotes omitted.)

3 Collier on Bankruptcy ¶ 523.16(1) (15th ed. 1979). This view is supported by the legislative history of the Bankruptcy Code and the case law. See, e.g., H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; *Farmers Bank v. McCloud* (In Re McCloud), 7 B.R. 819 (Bkrtcy.M.D.Tenn. 1980); *Borg-Warner Acceptance Corpora-*tion v. Simmons (In Re Simmons), 9 B.R. 62 (Bkrtcy.S.D.Fla.1981); *Credithrift of America v. Auvenshine* (In Re Auvenshine), 9 B.R. 772 (Bkrtcy.W.D.Mich.1981); *Meneley Motors, Inc. v. Giantvalley* (In Re Giantvalley), 14 B.R. 457 (Bkrtcy.D.Nev.1981).[1]

■ In support of her position the plaintiff relied heavily upon the arbitrators award of judgment. Apparently, this award was not accompanied by any findings of fact. The grant of this judgment does not end our inquiry into the dischargeability of the debt since the Bankruptcy Court has the obligation to look behind such a judgment. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In *Brown, supra,* the Court held that a Bankruptcy Court was not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of a debt. Consequently, an independent determination of the nature of the debtor's alleged acts must be undertaken by this Court.

■ At trial the plaintiff clearly established that the debtor intentionally damaged the trailer and its contents. The debtor presented no evidence which would justify his actions. We therefore find that the debtor willfully and maliciously damaged the plaintiff's property. Since neither party introduced evidence controverting the value fixed by the panel of arbitrators for the damage done to the mobile home and its contents, we adopt that figure as an accurate representation of the extent of the plaintiff's damages.

## CONCLUSION OF LAW

Since the plaintiff met her burden of proving that the debtor willfully and maliciously damaged her mobile home and its contents, the debtor's $1,590.00 obligation to her for the damage incurred is to be determined nondischargeable under § 523(a)(6) of the Bankruptcy Code.

---

1. We decline to follow the alternate line of authority that requires a showing of specific malice or intent to do harm for a determination of nondischargeability under § 523(a)(6). See, e.g., *Liberty National Bank & Trust Company v. Hawkins* (In re Hawkins), 6 B.R. 97 (Bkrtcy. W.D.Ky.1980).