**In re John L. GREENWELL, Debtor,**

**Carolyn LONG, and John Long, Plaintiffs-Appellees,**

**v.**

**John L. GREENWELL, Defendant-Appellant.**

**Bankruptcy No. C–1–82–385.**

United States District Court, S. D. Ohio, W. D.

July 7, 1982.

**420**

Thomas L. Blust, Batavia, Ohio, for plaintiffs-appellees.

Thomas L. Eagen, Jr., Philip J. Blomer, Cincinnati, Ohio, for defendant-appellant.

## OPINION

SPIEGEL, District Judge:

This is an appeal from the Bankruptcy Court of a decision of The Honorable Burton Perlman, holding that the bankrupt appellant's actions of driving while intoxicated, which resulted in injury to appellees, constituted willful and malicious conduct in contravention of 11 U.S.C. § 523(a)(6), and was therefore not a dischargeable debt. We have reviewed the brief of appellant John L. Greenwell (doc. 2), the brief of plaintiff-appellees (doc. 3), and the reply brief of appellant (doc. 4), as well as the Bankruptcy Judge's Certificate of Appeal, including the decision of Judge Perlman entered December 30, 1981. We have also read the transcript of the trial on plaintiff-appellees' complaint to determine dischargeability held on November 5, 1981.

Judge Perlman's findings of fact were stated at the conclusion of the hearing, at page 85 and 86 of the transcript:

> The fact is that either the defendant was drunk when this happened or else he did what he did intentionally. Because, he was on the wrong side of the street and he came along and hit the Plaintiffs' car. I'm satisfied that the facts are that he was drunk, from the observations of the Officer; and the testimony of the young lady who was the first witness, Ms. Deem, I guess; that he was driving on the wrong side, that he struck the—that he ran the stop sign, without stopping. The only reasonable explanation for that conduct was that he was drunk.

> Now, then, that brings directly into question whether Briceson (sic) is a correct statement of law or not.
> It's as to that that I am reserving decision.
> I am indicating I have no problem about what the facts are. Those are my findings of facts as I have just stated them. And, I am reserving only the question of law. . . .

Our review of the transcript leads us to conclude that Judge Perlman's findings of fact are not clearly erroneous. The issue, therefore, for the Court to consider is whether the Bankruptcy Court was correct in not following *In re Bryson*, 6 BCD 199, 1 CBC 2d 1038, 3 B.R. 593 (Bkrtcy.N.D.Ill. 1980), which interpreted 11 U.S.C. § 523(a)(6) to mean that a debt arising from an accident involving driving while under the influence of alcohol was not a non-dischargeable debt.

Section 523(a) of the 1978 Bankruptcy Reform Act provides that:

> (a) A discharge under Section 727, 1141, or 1328(b) of this Title (11 U.S.C. § 724, 1141 or 1328(b)) does not discharge an individual debtor from any debt . . . (6) from willful and malicious injury by the debtor to another entity or to the property of another entity.

Judge Perlman's analysis of this Section which led him to the conclusion that the appellant's debt should not be discharged because it was for willful and malicious injury by him to the plaintiff-appellees is as follows:

> The main case applied in the interpretation of the now superseded Bankruptcy Act § 17(a)(8) was *Tinker v. Colwell*, [193] 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902). It is clear that in enacting the Bankruptcy Code, the Congress meant to change the way in which that case was being applied, as may be seen from a review of the legislative history of 11 U.S.C. § 523(a)(6). As it appeared in the original Bankruptcy Reform Act, § 523(a)(6) provided that a debt "for willful and malicious injury by the debtor to another entity or to the property of an-

other entity" was nondischargeable. (H.R. 8200 95th Cong., 1st Sess. [1977] ). The accompanying report (H.R.Rep.No. 595, 1st Sess. [1977] ) then elaborated upon this section as follows:

[Paragraph] (6) except debt for willful and malicious injury by the debtor to another person or the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* [193] 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902) held that a looser standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled.

The Senate then modified this suggested language by adding "conversion or" after "willful and malicious." 523(a)(5), S.B. 2266 95th Cong., 2d Sess., 416 (1978). Its report in all other aspects echoed the House Report. S.Rep.No.989, 95th Cong., 2d Sess. 79 (1978). The compromise bill, however, only contained the language of the House version. 124 Cong.Rec. H11509 (Daily Ed. Sept. 28 1978). The statements of the sponsors in the House 124 Cong.Rec. H11096 (Daily Ed. Sept. 28, 1978), and the Senate 124 Cong.Rec. § 17412 (Daily Ed. October 6, 1978) were likewise identical and referred exclusively to the language contained in the House version of the bill.

What is to be gleaned from this review is that Congress intended that it not be sufficient to classify an act as willful and malicious that it be one done for reckless disregard for consequences. An intentional act is required. It is not, however, necessary to find that personal ill will existed in order for there to be a finding of willful and malicious injury. *In Re Obermeyer,* 12 B.R. 26 (B.J., [Bkrtcy.] Ohio, 1981). In the case before us now, we hold that the voluntary drinking by defendant constituted an intentional act sufficient to support the conclusion that the injury caused by defendant was willful and malicious. That is, while the legislature meant to circumscribe the scope of the *Tinker* case, its holding that

"willful and malicious" under the statute is satisfied where there is an intentional injury remains valid. Defendant's intentional drinking unleashed the unbroken causative chain which led to the injury to plaintiff's vehicle. It will not avail defendant in his effort to avoid this result to argue that he did not know plaintiff prior to the accident and therefore the injury could not have been intentionally caused. One is responsible under the law for the natural outcome of his actions. To the extent that *In Re Bryson,* [3 B.R. 593] 6 B.C.D. 199 (B.J., [Bkrtcy.] Ill., 1980) reaches a different conclusion, we respectfully disagree with its reasoning and decline to follow it.

We find no error in the conclusion of law arrived at by the Bankruptcy Court for the reasons set forth by the Bankruptcy Judge, which we adopt. For the foregoing reasons, the decision of the Bankruptcy Court is hereby affirmed.

SO ORDERED.