**In re David Lawrence BOOTH and Pamela Sue Booth a/k/a Pamela Sue Cain, Debtors.**

**D. DAVIS FURNITURE CO., 1123 Main Street, Cincinnati, Ohio 45210, Plaintiff,**

**v.**

**David Lawrence BOOTH and Pamela Sue Booth a/k/a Pamela Sue Cain, 4688 Bluejacket Road, Cincinnati, Ohio 45244, Defendants.**

**Adv. No. 1–82–0442.**

**Related Case No. 1–82–01774.**

United States Bankruptcy Court, S.D. Ohio, W.D.

April 8, 1983.

Martin P. McConnell, Cincinnati, Ohio, for defendants.

D. Gregory Schmidt, Cincinnati, Ohio, for plaintiff.

Michael J. Wiethe, Cincinnati, Ohio, interim trustee.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

In the present adversary proceeding, plaintiff seeks to have found nondischargeable indebtedness owed it by defendants in regard to certain appliances and furniture purchased by defendants from plaintiff in which plaintiff retained a security interest. The matter came on for trial at the conclusion of which we reserved decision.

The testimony at the trial was devoted entirely to evidence on valuation of the articles sold by plaintiff to defendants, because the facts relating to liability were undisputed. That is, the answer filed by defendants admitted the factual allegations regarding liability contained in the complaint, though defendants do contend that the admitted facts do not support the outcome of liability in favor of plaintiff. Thus, admitted by defendants are the allegations that plaintiff is a secured creditor which sold certain merchandise to defendants, that defendants are delinquent on their accounts with plaintiff, that plaintiff is the holder of a purchase money security interest in the merchandise, that defendants sold certain items of the collateral and did not remit any of the proceeds of sale to plaintiff, and that defendants still have certain items of furniture which comprise a portion of the collateral of plaintiff.

Plaintiff contends that the admitted facts entitle it to judgment for a nondischargeable debt because the debt, pursuant to § 523(a)(6) was:

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The admitted facts show a conversion by defendants, and the parties take opposite positions with respect to whether this is sufficient to make the quoted section of the statute operative. Plaintiff contends that while the word "conversion" is not used in the current statute, the authorities establish that it was intended that it be comprehended within the statutory language. Defendants, on the other hand, argue that the statute is not applicable because the statute requires that defendants' act be both willful and malicious and nothing amounting to malice is to be found in the present facts. After careful consideration, we have decided that we must hold in favor of plaintiff.

Our prior case *In re Greenwell*, Bankruptcy Case No. 1-81-00080, S.D. Ohio, Western Division, entered December 30, 1981 (unreported), aff'd. 21 B.R. 419 (S.D.Ohio 1982) involved application of the same statute, though in a context other than conversion. Nevertheless, our discussion there is pertinent here because it deals with the contention regarding malice asserted by defendants. We there said, after a full review of the legislative history:

What is to be gleaned from this review is that Congress intended that it not be sufficient to classify an act as willful and malicious that it be one done with reckless disregard for consequences. An intentional act is required. It is not, however, necessary to find that personal ill will existed in order for there to be a finding of willful and malicious injury. *In re Obermeyer*, 12 B.R. 26 (B.J.Ohio 1981).

In the present case the sale of the collateral by defendants was an intentional act and that suffices to impose liability upon these defendants under § 523(a)(6). See also *Collier on Bankruptcy* (15th ed.) 523–117; *In re Smith*, 11 B.R. 20 (Bankr.N.D. Ohio 1981).

In support of the outcome we reach, we find compelling the argument advanced by plaintiff that if defendants were discharged from their debt, purchase money security interest for creditors would effectively be rendered worthless. A debtor who had purchased merchandise from a seller who retained a security interest, intending thereby to protect himself in a very well known kind of commercial transaction, would be cut off from what the world understands to be reasonable protection of his interest in an unjustifiable and inequitable way. We do not think it reasonable to allow such conduct by debtors to be without consequence even in a bankruptcy context.

■ Having resolved the question of liability, we must reach a conclusion as to the damages to which plaintiff is entitled by reason of the conversion. The complaint alleges, and the answer admits, that defendants sold, during 1980, the General Electric dryer and General Electric washer for $250.00, and in January of 1981 sold the RCA television set and Schweiger sofa and love seat for $300.00. Plaintiff is entitled to recover damages for the conversion by defendants, and will not be limited to the amounts obtained by defendants upon their sales of the collateral. At the trial, plaintiff offered the testimony of a competent expert who testified as to the reasonable value of the converted items. Defendants who by their conversion made it impossible for plaintiff's appraiser to view the collateral, cannot be heard to take issue with his appraisal because it was not based upon an actual inspection of the collateral. The values to which the appraiser testified seem reasonable in view of the age of the collateral, and we therefore find that plaintiff is entitled to judgment against defendants in the amount of $1,000.00. In addition, plaintiff is entitled to a judgment requiring that defendants surrender to plaintiff any remaining collateral in their possession.