**In the Matter of Dale RODGERS, Debtor.**

**Larry L. WALTZ, Plaintiff,**

v.

**Dale RODGERS, Defendant.**

**Bankruptcy No. 3–82–01962. Adv. No. 3–82–0622.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 26, 1983.

Mary K.C. Soter, Dayton, Ohio, for plaintiff.

Jacob L. Deutsch, Dayton, Ohio, for defendant.

## DECISION

ELLIS W. KERR, Bankruptcy Judge.

A Complaint, Answer and Stipulations filed in this case were superseded by Amended Stipulations which leave only one question to be decided, to-wit: Whether a Common Pleas Court judgment for $7,464.54 awarded Waltz, Plaintiff herein, against Rodgers, Defendant herein, is dischargeable. Rodgers is the Debtor in Bankruptcy case # 3–82–01962.

The "Decision, Verdict, and Entry" in the Common Pleas Court case reveals the matter was tried to the Court without a Jury on a cause of action for assault and battery; that Rodgers bit off a portion of Waltz's ear; that the altercation was not initiated by Waltz who was assaulted by Rodgers and permanently injured and disfigured.

The Court found damages for medical expenses $1,804.54, loss of income $660.00, pain and suffering $5,000.00 for a total of $7,464.54.

Neither the Plaintiff Waltz nor Defendant Rodgers in this adversary proceeding chose to submit Briefs, agreeing to submit the dispute without trial on the stipulations.

Plaintiff claims the debt not dischargeable because the assault and battery constitute willful and malicious injury as specified in 11 U.S.C. Section 523(a)(6).

No citations nor authority having been submitted by either party the Court finds as follows.

This Court has researched this type of issue in the past in rendering a decision in Case # 3–75–1439, *The Travelers Insurance Co. v. Daily,* holding non-dischargeable a debt for willful and malicious injury. Affirmed by District Court and Sixth Circuit Court of Appeals. Certiorari denied by Supreme Court of the United States. (The case is unreported as far as I know.)

Cases researched for that opinion and cases researched from that date up to the present indicate the particular facts of a case are often controlling.

Attempts to avoid dischargeability for willful and malicious injury have involved judgments for such things as assault and battery, alienation of affection, malicious prosecution, criminal conversation, punishment of a pupil, surgical operation, libel, firing of a firearm, and auto accidents.

In cases pertaining to assault and battery one Court found that even though the acts were not malevolent they were willful and malicious as a matter of law.

In another the Court held that because of an indispensable element of assault and battery is the willful and intentional act the judgment was for willful and malicious injury and not dischargeable in Bankruptcy.

One case that is often cited on this kind of an issue is that of *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754. This was a 1904 New York case. There was a 17 page opinion and a $50,000.00 judgment for damages for criminal conversation. It was held that the act is an assault even when the wife consents. The judgment was held not released by Discharge. Although the facts are in no way the same as in the instant case that case has been cited as authority in many assault and battery cases because of the detailed discussion of willful and malicious injury.

Since that decision the Bankruptcy Code section as to willful and malicious injury has been slightly changed. By legislative history it would appear that the meaning of the Code section of "willful" means deliberate or intentional; that to the extent *Tinker v. Colwell* held to a looser standard of "reckless disregard" decisions based upon *Tinker* are overruled.

Now an intentional act is required although not necessary to find that personal ill will existed. See *In Re Obermeyer,* 12 B.R. 26 (Bkrtcy.1981).

*Peters v. United States,* 177 F. 885 (C.C. A.1910) as an example of a very old case holding in an assault and battery case that it is sufficient if the wrongful act is intentionally done without just cause or excuse; that special malice is not required.

The Court finds that the biting off of a portion of Plaintiff's ear was intentional, willful and malicious.

Parties having chosen not to file Briefs there are no cases cited by them that otherwise would require analysis or comment. Suffice it to say the research of all recent cases on this subject requires but one conclusion, to-wit: Judgment must be in favor of the Plaintiff holding the debt non-dischargeable.

Judgment shall be set forth in a separate document as required by Rule 921, Rules of Bankruptcy Procedure.