**In the Matter of Robert D. HOSTETLER, Jr., Debtor.**

**AUTO OWNERS INSURANCE CO. and Teddy Williams, Plaintiffs,**

v.

**Robert D. HOSTETLER, Jr., Defendant.**

**Bankruptcy No. 83–1395.
Adv. No. 83–823.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 6, 1984.

Gary S. Rabin, Lakeland, Fla., for plaintiffs.

Thomas Joel Chawk, Lakeland, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is the dischargeability, vel non, of a debt in the amount of $25,000 admittedly due and owing by the Debtor, Robert D. Hostetler, Jr., to Auto Owners Insurance Company (Auto Owners) and Teddy Williams, judgment creditors and the Plaintiffs in the above-styled adversary proceedings. The debt sought to be declared non-dischargeable is represented by a Final Judgment entered by default in an action for damages filed by the Plaintiffs who seek a determination that the compensatory and punitive damages awarded by the State Court by default are outside the protective provisions of the general bankruptcy discharge. The final judgment awarded compensatory damages in the amount of $65,-376, court costs in the amount of $282, and punitive damages in the amount of $25,000.

The facts which are relevant and germane to the resolution of this controversy as established in the state court can be briefly summarized as follows:

On February 28, 1981, at approximately 2:30 a.m., Mr. Williams, while driving his 1979 Pontiac on Highway 92 near Lakeland, Florida, collided with the automobile driven by the Debtor. It is without dispute that the Debtor was intoxicated, that he crossed the median of the four lane highway, and proceeded on the highway in the wrong direction when he struck Mr. Williams head on. Mr. Williams suffered extensive personal injuries as the result of the collision and also substantial damage to his vehicle.

The claim of non-dischargeability asserted by the Plaintiffs based on § 523(a)(6) of the Bankruptcy Code which provides as follows:

§ 523. Exceptions to discharge

(a) A discharge under §§ 727, 1141, or 1328(b) of the title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Courts which have considered the question of the dischargeability, vel non, of a debt resulting from damages or injuries inflicted on innocent victims by an intoxicated driver have struggled to reconcile the stringent intent requirement imposed by the phrase "willful and malicious injury" with the notion of permitting a wrongdoer to escape the consequences of conduct generally considered to be repulsive or at least grossly reprehensible. Several courts have concluded such debts to be non-dischargea-

ble based on the reasoning that, while § 523(a)(6) requires an intent to cause the injury, it is unnecessary to show an actual personal ill will toward the victim. In fact, it has been said that the voluntary acts of drinking and then driving on public thoroughfares are, in fact, intentional acts which are sufficient to support a conclusion that the injuries were in fact the result of willful and malicious conduct within the meaning of § 523(a)(6). *See, Long v. Greenwell (In re Greenwell)*, 21 B.R. 419 (S.D.Ohio 1982); *Prosch v. Wooten (In re Wooten)*, 30 B.R. 357 (Bankr.N.D.Ala. 1983); *Burns v. Cloutier (In re Cloutier)*, 33 B.R. 18 (Bankr.Me.1983). As stated by one court, "... [W]illful and malicious behavior is present when the circumstances show that an intoxicated debtor's driving is 'of such a gross nature as to imply malice.'" *Burns v. Cloutier, supra* at 20, *citing, Alabama Farm Bureau Casualty Insurance Co. v. Brown, (In re Brown)*, 18 B.R. 591 (Bankr.N.D.Ala.1982).

The difficulty stems from the undeniable fact that Section 523(a)(6) of the Code without doubt represents a significant departure from § 17(a)(8) of the Bankruptcy Act of 1898, its predecessor, and clearly indicates that the terms "willful" and "malicious" were used by Congress to require a specific intent to hurt and this intent will not be found to exist by implication.

The House Report accompanying § 523(a)(6) states in pertinent part as follows:

> ... Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell*, 193 U.S. 473 (1902) [24 S.Ct. 505, 48 L.Ed. 754, 11 Am.Bankr.Rep. 568] held that a lesser standard is intended and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6320. See also S.Rep. No. 989, 95th Cong. 1st Sess. 79, reprinted in 1978 U.S.Code Cong. & Ad.News 5865.

After reviewing the legislative history, the Bankruptcy Court for the Northern District of Ohio concluded that while the acts of drinking to excess and driving while intoxicated go beyond mere negligence,

> [T]hese acts do not alone however rise to the level of intentional and deliberate acts. In enacting 11 U.S.C. 523(a)(6), Congress intended more than reckless disregard for others be required to except a debt from discharge.

*Clair v. Oakes (In re Oakes)*, 24 B.R. 766 (Bankr.N.D.Ohio 1982); *see also, In re Maney*, 23 B.R. 61 (Bankr.W.D.Okla.1982); *Castiglia v. Morgan, (In re Morgan)*, 22 B.R. 38 (Bankr.Neb.1982); *Marwell Trucking Inc. v. Davis (In re Davis)*, 26 B.R. 580 (Bankr.R.I.1983). Thus there is hardly any doubt that before a liability resulting from an automobile accident caused by a drunk driver can be excepted from the general discharge, there must be a showing of ill will toward the victim. A general disregard of possible consequences which might result from driving while intoxicated will not suffice.

Based on the foregoing, this Court is satisfied that in the absence of competent evidence of a specific intent to injure the Plaintiff, a debt may not be declared nondischargeable pursuant to § 523(a)(6). This Court is not unmindful of the recent legislation which amends § 523(a)(6) by adding an exception to discharge which specifically addresses the problem of the dischargeability of liabilities incurred by a debtor who operates a motor vehicle while intoxicated. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333. However, the matter before this Court arose prior to the amendment and must be determined pursuant to the law in effect at the time the cause of action arose.

Based on the foregoing and in the absence of any evidence to support a finding that this Debtor intended to inflict any injury, the debt in the amount of $25,000 shall be declared dischargeable.

A separate final judgment will be entered in accordance with the foregoing.