**In re William WALKER and Patricia Walker, Debtors.**

**D. DAVIS FURNITURE CO., Movant,**

v.

**William WALKER and Patricia Walker, Debtors.**

**Bankruptcy No. 1–84–02723.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Sept. 5, 1986.

Robert L. Liebman, Cincinnati, Ohio, for debtors.

C. Gregory Schmidt, Cincinnati, Ohio, for movant.

William R. Schumacher, Cincinnati, Ohio, Trustee.

## DECISION AND ORDER ON MOTION OF DAVIS FURNITURE CO.

BURTON PERLMAN, Bankruptcy Judge.

The plan in this Chapter 13 case was confirmed November 27, 1984. The plan provides for a monthly payment of $35.00 to movant on an allowed secured claim of $1,900.00. Movant's collateral consists of a bedroom set and refrigerator. Debtors are not in default on their payments to the Chapter 13 trustee.

Subsequent to confirmation, movant's collateral was destroyed by fire. Debtors have received $1,150.00 from their home owners' insurance carrier to compensate them for the loss. Debtors have used other resources to replace the refrigerator. They will use the $1,150.00 to purchase a replacement bedroom set. Movant was not a named loss payee on the insurance policy of debtors. Debtors' insurance carrier is holding the $1,150.00 because of the assertion by movant that the money should be paid to it.

Against this background, movant has brought on the present motion, praying that the court order that the money held by the insurance company be paid to it. The specific relief requested is that the money be paid to the Chapter 13 trustee, and the

plan be modified to provide that that amount be paid to movant.

Having reached the conclusion that in the present circumstances movant is not entitled to the relief which it seeks, we overrule the motion.

Movant urges essentially two bases for its position. First, it contends that a federal Chapter 13 bankruptcy filing should not alter the rights and remedies given to a creditor under state law, and pursuant to state law movant would be entitled to an order requiring payment to it of the amount being held by debtors' insurance company. Secondly, movant urges that because its collateral has been destroyed, this should be regarded in the same manner as would a conversion by a debtor, and this court has held that in the latter circumstances a creditor is entitled to compensation. *See, In re Booth*, 65 B.R. 320 (Bankr.S.D.Ohio 1983).

■ We do not find merit in either of these contentions of movant. The proposition that a federal Chapter 13 bankruptcy filing does not affect the rights and remedies of a creditor under state law is incorrect. By reason of the Supremacy Clause of the U.S. Constitution, where there is a conflict between state and federal law, the former must yield to the latter. In this case, movant as a creditor has no right to look to state law for any remedy because it is stayed from doing so by 11 U.S.C. § 362 of the Bankruptcy Code. Where there is a confirmed Chapter 13 plan in this court, this creditor could not secure relief from that automatic stay, relief which it might seek pursuant to § 362(d), because debtors are current in their payments to the trustee. There being no default in the performance by debtors in their obligations in respect to the Chapter 13 plan, there is no "cause" for § 362(d) relief.

Nor do we think sound the further contention of movant that a state court would order payment by the insurance company to it of the $1,150.00. In support of this proposition, movant cites Ohio Revised Code, § 1309.25. That section, however, merely defines "proceeds". There can be no dispute that the $1,150.00 being held by debtors' insurance company is proceeds of movant's collateral, but this provides no basis upon which it would be proper to order payment of such proceeds to movant, where movant is not a named insured in the insurance policy. Another way of making the same point is to observe that any rights of movant depend upon contract. Movant has shown us nothing in its contract with debtors or in debtors' contract with their insurance company, which would provide for payment to movant in the event of a loss. That is not to say that movant loses its rights in proceeds derived from its collateral. Presumably, it can pursue such proceeds in the event of any default. In the absence of an appropriate contractual provision, however, movant has shown no basis for pursuing proceeds of its collateral at this time in the face of a current Chapter 13 plan.

■ Finally, the contention of movant that it is entitled to the relief sought on an analogy to *In re Booth, supra,* is misplaced. *Booth* did not involve a Chapter 13 case, but rather was a dischargeability proceeding. There is no reason to believe that the outcome in *Booth* would be the same if the debtor in that case had sought Chapter 13 relief. Further, the facts are distinguishable. Where in *Booth* the debtor sold the collateral, a voluntary act, in the case at hand there was an involuntary fire loss. For both the foregoing reasons, we are unable to consider *Booth* valid authority upon which to predicate relief for this creditor.

The motion is overruled.

So Ordered.