In re Charles Mohammed ZAIDAN, Debtor.

Linda LEDBETTER, Plaintiff,

v.

Charles Mohammed ZAIDAN, Defendant.

Bankruptcy No. 87–01578–BKC–SMW. Adv. No. 87–0582–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

May 31, 1988.

As Amended June 2, 1988.

---

4. This court was only recently brought within the U.S. Trustee program and this case is not yet within his jurisdiction.

Michael B. Small, Palm Beach, Fla., for creditor.

C.J. Keith, Ft. Lauderdale, Fla., for debtor/defendant.

James B. McCracken, Ft. Lauderdale, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the creditor, Linda Ledbetter's, complaint to determine the dischargeability of a debt owed by the debtor, Charles Mohammed Zaidan, pursuant to 11 U.S.C. § 523(a)(6) and § 727(a)(3) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Facts and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a, b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J) and 28 U.S.C. § 157(b)(3).

In June, 1978 the creditor was injured on the debtor's boat. The injury occurred when the creditor attempted to board the boat from the shoreline as the boat was departing. The creditor was unsuccessful in boarding and fell, injuring herself on the back of the boat.

The creditor filed a lawsuit in a Michigan state court which resulted in a judgment for the creditor in the amount of $250,-112.00. Thereafter, the Michigan judgment was perfected as a Florida judgment. The creditor brings this action pursuant to 11 U.S.C. § 523(a)(6) seeking to exempt from discharge the state court judgment due to the debtor's intentional and malicious injury to the creditor and under 11 U.S.C. § 727(a)(3) to bar the debtor's overall discharge for failure to keep adequate financial records.

The adversary complaint alleges, pursuant to 11 U.S.C. § 523(a)(6), that the state court judgment should be exempt from discharge due to the debtor's intentional and malicious injury to the creditor. In determining whether a particular debt is

excepted from discharge, 11 U.S.C. § 523 should be strictly construed against the objecting creditor, and the burden is on the creditor to prove the exception. *Hunter v. Schweig (In re* Hunter) 780 F.2d 1577 (11th Cir.1986). The bankruptcy court is not bound by a state court's findings when determining the dischargeability of a debt under 11 U.S.C. § 523. *Brown v. Felson* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). This Court, therefore, must determine whether the state court judgment is nondischargeable under 11 U.S.C. § 523.

▪ Under 11 U.S.C. § 523(a)(6) a debt will be excepted from discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." Willful means "deliberate or intentional." *Auto Owners Insurance Co. v. Hostetler (In the Matter of* Hostetler), 44 B.R. 886 (Bankr.M.D.Fla.1984). To except a debt from discharge the creditor must show that there was a specific intent to injure the creditor. *Hostetler,* 44 B.R. at 886.

▪ The creditor argues that the debtor willfully and maliciously intended to injure the creditor when he "gunned" the engine of the boat to full throttle knowing that the creditor was attempting to board the boat. The facts do not support this contention and, therefore, the Court finds, that there is insufficient evidence to show that the debtor "willfully and maliciously" intended to injure the creditor.

The creditor further argues that on the day of the accident the debtor was intoxicated and, therefore, the injury was willfully and maliciously caused by the debtor. No evidence was presented to show that the debtor was intoxicated at the time of the accident to cause a willful or malicious injury. Reckless disregard for others is not sufficient to except a debt from discharge under 11 U.S.C. § 523(a)(6). *Miller v. Held (In re* Held), 734 F.2d 628 (11th Cir.1984); *Hostetler,* 44 B.R. at 888. The Court is aware that there is case law which holds that intoxication is a bar to discharge under 11 U.S.C. § 523(a)(6). *Caldarelli v. Callaway (In re* Callaway), 41 B.R. 341 (Bankr.E.D.Pa.1984); *Brunswick v. Cun-*

*ningham (In re* Cunningham), 48 B.R. 641 (Bankr.W.D.Tenn.1985). However, this Court does not have to address this issue since there was no specific proof of intoxication presented. Therefore, the Court finds the state court judgment to be discharged under 11 U.S.C. § 523(a)(6).

▪ Secondly, the adversary complaint alleges that the debtor's discharge should be denied for failure to keep adequate financial records. Under 11 U.S.C. § 727(a)(3) a debtor is granted a discharge unless "the debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, ... from which the debtor's financial condition or business transactions might be ascertained...." In determining whether the debtor has destroyed or failed to preserve proper records the statute is to be construed liberally in favor of the debtor. *Blockman v. Becker (In re* Becker) 74 B.R. 233, 236 (Bankr.E.D.Tenn.1987).

The creditor contends that the debtor destroyed his personal checks in an effort to defraud the creditors and mislead the court. However, the debtor customarily destroys his personal checks and he only maintains a record of his bank statements which were offered by the debtor to the creditors for review. The debtor provided the creditors with cancelled checks for the three months preceding the filing of his bankruptcy petition and his income tax returns for the years 1985 and 1986. Therefore, the Court finds, that the creditor failed to prove that the debtor's destruction of his personal checks prevented the creditor from ascertaining the debtor's financial condition.

Furthermore, the creditor argues that the debtor, in an effort to conceal his financial worth, failed to preserve books or records. However, the creditor could not specify which particular books or records were being sought of the debtor or which assets the debtor has withheld in an effort to conceal his financial condition. Based on the facts presented, the Court finds, that there is insufficient evidence to show that the debtor failed to preserve proper records

in an effort to conceal his financial worth from the creditors.

In summary, the Court finds, pursuant to 11 U.S.C. § 523(a)(6), that the debtor did not willfully and maliciously intend to injure the creditor. Furthermore, the Court finds, that there was insufficient evidence to establish that the debtor intended to conceal his financial worth by destroying his checks or failing to preserve records under 11 U.S.C. § 727(a)(3). Therefore, the state court judgment is dischargeable under 11 U.S.C. § 523(a)(6) and the debtor may be discharged under 11 U.S.C. § 727(a)(3).

A separate Final Judgment of even date has been entered in conformity herewith.