In re William SANTOMASO, Debtor.

**UNIVERSAL SERVICES CREDIT UNION, Plaintiff,**

v.

**William SANTOMASO, Defendant.**

**Bankruptcy No. 90–24017–BKC–SMW.**
**Adv. No. 90–0573–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 8, 1991.

**116**

Richard Larin, North Miami Beach, Fla., for debtor/defendant.

Robert C. Meyer, Coral Gables, Fla., for creditor/plaintiff.

Milton Gene Friedman, Fort Lauderdale, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Universal Credit Union (the "creditor") against William Santomaso (the "debtor"), pursuant to 11 U.S.C. § 523(a)(2), and § 727(a)(2)(A), and (a)(3), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the Following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

In May, 1989, the debtor submitted a loan application and a financial statement to the creditor in order to obtain a loan from the creditor. The creditor advanced the funds to the debtor who, as indicated on the loan application, used the monies to repay personal loans and pay for a personal vacation. The debtor defaulted on the loan and the creditor instituted a state court action against the debtor seeking to recover the outstanding loan balance. The state court entered judgment against the debtor in the amount of $2,377.06, plus interest, late penalties and costs. The debtor then filed a petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the creditor filed this adversary proceeding seeking to except the state court judgment from discharge and, alternatively, seeking to deny the debtor his overall discharge.

The creditor voluntarily dismissed Count I of the complaint where it sought to except the discharge of the state court judgment pursuant to § 523(a)(2)(A), and Count II of the complaint where the creditor sought to deny the debtor his discharge pursuant to § 727(a)(2). Accordingly, the creditor proceeded to trial on the objection to the discharge of the debtor based on the failure of the debtor to maintain and provide financial records pursuant to § 727(a)(3).

Under 11 U.S.C. § 727(a)(3) a debtor is granted a discharge unless "the debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, ... from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances ..." An individual debtor has no more of a duty to keep detailed records than that of any typical individual taxpayer. *In re Rowe*, 81 B.R. 653 (Bankr.M.D.Fla.1987). In determining whether the debtor has destroyed or failed to preserve proper records, the statute is to be liberally construed in favor of the debtor. *In re Zaidan*, 86 B.R. 296 (Bankr.S.D.Fla.1988). The burden is on the party objecting to discharge to prove by clear and convincing evidence that the debtor should be denied his discharge. *In re McMahon*, 116 B.R. 857 (Bankr.M.D.Fla. 1990). In order for a party objecting to discharge to meet his burden of proof, the evidence must be such that, when considered in light of all the facts, it leads the court to the conclusion that the debtor has violated the spirit of the bankruptcy laws and therefore should be denied the privilege of eliminating the legal obligation of his debts. *In re Mart*, 87 B.R. 206, 209 (Bankr.S.D.Fla.1988).

In this case, the creditor contends that the discharge of the debtor should be de-

nied based on the failure to provide any financial records. The debtor did not have any bank accounts at the time that he filed the petition, did not have any cancelled checks, and did not have any receipts or invoices evidencing debts owed to other creditors. The trustee of the bankruptcy estate, who is charged with marshalling and administering the estate for the benefit of the creditors, did not request any documentation or financial records from the debtor. Nonetheless, based on the lack of documentation, the creditor argued that the debtor should be denied his discharge.

The debtor explained to the Court the reasons why he did not possess any financial records. The debtor previously had a bank account which was owned jointly with his former wife. The debtor had closed the account when his wife developed a narcotic addiction and was depleting the funds to satisfy her addiction. The debtor did not open a new bank account. Further, the evidence also established that it was the practice of the debtor to pay for bills as they became due and then to destroy the statements. Since he had closed the bank account, the debtor paid his bills by purchasing money orders and making them payable to individual creditors.

Whether a debtor's books and records are adequate to avoid being denied a discharge must be gauged on a case by case basis, according to special characteristics of the debtor's occupation, business, and personal structure. *In re Mart*, 87 B.R. at 209. The evidence in this case illustrates that the debtor had minimal involvement in complex business transactions thereby minimizing the need for a bank account. The debtor lived with his parents and was not required to pay rent, although the debtor would advance funds on occasion to help his parents with the expenses. Although the debtor was previously employed as a sales representative, the debtor had minimal responsibilities with respect to expense accounts for his employer. The debtor would merely submit expense vouchers to his employer who would then pay the bills. Based on the evidence presented, the Court finds that the debtor

has reasonably explained the absence of financial records and, therefore, the creditor has failed to establish that the debtor should be denied his discharge pursuant to 11 U.S.C. § 727(a)(3).

A separate Final Judgment of even date has been entered in conformity herewith.