**In re Clifford Lee WELLS, Debtor.**

**PRUDENTIAL PROPERTY AND CASU-
ALTY INSURANCE COMPANY, subro-
gee of Robert P. Genovese and Mary
Ann Trane Genovese, Plaintiff,**

v.

**Clifford Lee WELLS, Defendant.**

**Bankruptcy No. 84–01165–BKC–TCB.
Adv. No. 84–0546–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 7, 1984.

Charles F. Atwood III, Law Offices of
Charles F. Atwood III, Miami, Fla., for
plaintiff.

Charles W.M. Stone, Fort Pierce, Fla.,
for debtor.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy
Judge.

Plaintiff seeks a determination that its
judgment claim against the debtor is ex-
cepted from discharge under 11 U.S.C.
§ 523(a)(6). The debtor appeared and an-
swered at the commencement of the trial
held on October 30. The answer is a gener-
al denial of all allegations.

The complaint alleges and the plaintiff
has proved that it holds a judgment entered
by the state court on April 20, 1983 in the
amount of $26,993. The judgment was also
in favor of a third party and his wife as
intervenors in the amount of $225,030, but
these individuals are not before this court.
The judgment, which was entered against
the debtor upon default for failure to plead,
does not disclose the nature of the cause of
action, nor is there anything else in the
record before me identifying the nature of
the judgment debt or the predicate for the
damages recovered in the judgment, other
than the allegations in the complaint.

The complaint alleges that the basis for
the judgment:

"was the wilful and wanton reckless op-
eration of a motor vehicle by Defendant
in such fashion so as to cause it to strike
the Plaintiff's Insured's child, who was
riding a bicycle at the time, and the fur-
ther basis of said suit and Judgment
being the wilful, wanton and deliberate
actions of the Defendant in immediately
leaving the scene of the accident and in
failing to render aid to the child, all in

direct violation of Florida Statutes. As a result of said conduct of the Defendant, the child died."

Plaintiff has also proved that on December 10, 1981 the debtor pleaded guilty to the Florida felony defined under § 316.027(1) and (2), Florida Statutes:

"(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the requirements of § 316.062.

(2) Any person willfully failing to stop or to comply with the requirements of subsection (1) under such circumstances is guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."

The debtor, who was the only witness, testified that on a dark rainy evening, while he was driving his car, he felt something hit his car, but kept going until he was stopped by a flat tire one-half mile down the road. While changing the tire, he saw his car had been damaged. The next night he learned that a bicycle and rider had been injured and, with his attorney, he surrendered himself to the sheriff. He served a ten-month prison sentence for the criminal charge or charges. He was aware of the civil action in question here but felt that he could do nothing to defend the suit and, therefore, did nothing. He never intended to hit anyone, was not aware that he had done so, and, therefore, he denies that he intentionally intended to leave the scene of an accident involving any personal injury.

Section 523(a)(6) excepts from discharge debts:

"for willful and malicious injury by the debtor to another entity or to the property of another entity".

The exception requires proof that the debt is for a deliberate or intentional injury caused without justification or excuse. *Collier on Bankruptcy* ¶ 523.16 (15th ed.). The present Code, which is controlling here, abandoned the looser standard previously recognized under § 17a of the former Act. *Id.* nn. 17 and 20a; *In re Held,* 734 F.2d 628, 629 (11th Cir.1984).

I find that by pleading guilty to the Florida statutory felony identified above, the debtor has admitted that he "willfully failed to stop" under the circumstances specified by the statute. I am prepared to find also that the damages sustained by the plaintiff resulted from the collision of the debtor's car with the plaintiff's insured. However, there is no evidence before me which warrants a finding that any part or all of plaintiff's damages resulted from the debtor's willful failure to stop.

It is neither alleged nor contended by plaintiff that the automobile collision constituted a willful and malicious injury and, clearly, the record before me does not support such a conclusion.

It is plaintiff's burden to prove that it is entitled to except its claim from discharge. It has failed to do so.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice.