In re Yosvany A. GRANDA a/k/a Yosvany Alexey Granda, Debtor.

Claudia PICHARDO, a minor By and Through Ernesta PICHARDO, her mother, natural guardian and next friend, Plaintiff,

v.

Yosvany A. GRANDA a/k/a Yosvany Alexey Granda, Defendant.

Bankruptcy No. 88–04505–BKC–SMW. Adv. No. 88–0042–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

April 11, 1989.

Leroy W. Nelson P.A., Hialeah Lakes, Fla., for debtor.

Bernard P. Goldfarb, P.A., Miami, Fla., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the complaint of Claudia Pichardo, (the "creditor") against Yosvany A. Granda (the "debtor") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a), (b) and § 1334(b)

and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In January, 1986, the debtor, a minor, was driving a car owned by his parents. On his way to school, the debtor drove the car on a grassy area near the school building and struck the creditor causing injuries. The debtor left the scene of the accident after he hit the creditor, but returned shortly thereafter. At the time of the accident, the owners of the automobile did not have liability insurance. The creditor sued the debtor in state court, and a default judgment was entered against the debtor for compensatory and punitive damages. The creditor seeks to have this debt declared nondischargeable.

■ The creditor alleges, pursuant to 11 U.S.C. § 523(a)(6), that the state court judgment should be exempt from discharge due to the debtor's intentional and malicious injury to the creditor. The debtor introduced into evidence the state court complaint and judgment, however, this Court can look beyond these documents to determine whether the actions of the debtor constitute willful and malicious behavior as defined under bankruptcy law. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1978).

■ Under 11 U.S.C. § 523(a)(6) a debt will be excepted from discharge for "willful and malicious injury by the debtor...." Willful is defined as deliberate or intentional, and malice is established by a finding of implied or constructive malice. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1263 (11th Cir.1988). To except a debt from discharge the creditor must show that the debtor acted deliberately and intentionally with the intent to injure the creditor before a debt will be held nondischargeable under 11 U.S.C. § 523(a)(6). *In re Maiolo*, 12 B.R. 114, 116 (Bankr.N.D.Ga.1981); *In the Matter of Hostetler*, 44 B.R. 886 (Bankr.M.D.Fla.1984).

■ The creditor argues that the debtor's act of operating a motor vehicle without insurance, coupled with his negligent or reckless driving constitutes a willful and malicious act under 11 U.S.C. § 523(a)(6). The creditor relies on the case of *Moore v. Penchar (In the Matter of Pechar)*, 78 B.R. 568 (Bankr.D.Neb.1987) wherein the Court held that the debtor's act of driving without liability insurance can constitute a willful and malicious injury. Instead, this Court aligns itself with several other districts distinguishing *Penchar* and taking the position that an act of negligence, while driving without insurance, does not automatically make driving an intentional act which rises to the level of a willful and malicious act as required under 11 U.S.C. § 523(a)(6). *Austin Mutual Insurance Company v. Schultz, (In re Schultz)*, 89 B.R. 28 (Bankr.E.D.Wis.1988); *Pritchard v. Eberhardt (In re Eberhardt)*, 92 B.R. 773 (Bankr.E.D.Tenn.1988); *Prudential Property and Casualty Insurance Company v. Wells (In re Wells)*, 44 B.R. 1006, 1007 (Bankr.S.D.Fla.1984). The owners of the vehicle may have breached their statutory obligation in that they did not have automobile insurance, however, there is no evidence that this breach of responsibility caused the debtor's actions to amount to willful and malicious behavior done with the intent to harm the creditor. The debtor testified that he did not see the creditor before the accident and therefore never intended to intentionally hit the debtor. Therefore, this Court concludes that none of the debtor's acts individually, or viewed collectively, rise to the level of willful and malicious behavior as required by 11 U.S.C. § 523(a)(6). Furthermore, the debtor's act of driving without insurance is not equivalent to willful and malicious injury.

Additionally, even if the state court judgment contains a finding of recklessness or an award of punitive damages, those findings without more does not mean that the debtor acted willfully and maliciously. *Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984).

Based upon the foregoing facts, this Court finds that the state court final judgment is dischargeable under 11 U.S.C. § 523(a)(6).

A separate Final Judgment of even date has been entered in conformity herewith.