**In re Scott B. CHAPIN, Debtor.**

**HARTFORD INSURANCE GROUP, INC., Plaintiff,**

**v.**

**Scott B. CHAPIN, Defendant.**

**Bankruptcy No. 92-22214.**
**Adv. No. 92-2153.**

United States Bankruptcy Court, W.D. New York.

June 24, 1993.

Ralph A. Horton, Rochester, NY, for debtor.

Richard G. Vogt, Rochester, NY, for plaintiff.

## BACKGROUND

JOHN C. NINFO, II, Bankruptcy Judge.

On August 14, 1992 the debtor, Scott B. Chapin, (The "Debtor") filed a petition initiating a Chapter 7 case. On his schedules the Debtor listed Hartford Insurance Group, Inc. ("Hartford") as a creditor holding a New York State Supreme Court judgment against him in the amount of $20,279.00 (the "Hartford Judgment"). The Hartford Judgment was a default judgment obtained in an action commenced by Hartford as the subrogee of its insured, Alfreida A. Anuskiewicz ("Anuskiewicz"), and represented damages to Anuskiewicz's Lincoln Town Car incurred on April 20, 1989 in an automobile accident which involved the Debtor.

Hartford commenced an adversary proceeding objecting to the Debtor's discharge pursuant to Section 727(a)(5), and further requesting that the Court, pursuant to Section 523(a)(6), determine the amounts due on the Hartford Judgment to be nondischargeable as a willful and malicious injury by the Debtor to the property of another. During the course of pre-trial procedures, Hartford agreed to the dismissal of its Section 727 objection to discharge cause of action.

After several pre-trial submissions and conferences, the matter was set down for trial on May 6, 1993. On May 6, 1993 the parties elected to submit the matter to the Court for decision and stipulated that the facts to be considered by the Court in making its decision would be those as testified to by the Debtor at a February 5, 1993 deposition. A transcript of the deposition was filed with the Court together with additional written submissions and a conviction certificate from the Justice Court, Town of Webster, Monroe County, New York, establishing that the Debtor had been convicted of driving while intoxicated at the time of the April 20, 1989 accident.

The facts before the Court, as testified to by the Debtor at his February 5, 1993 deposition, can be summarized as follows:

1) Between 9:00 p.m. on April 19, 1989 and 2:00 a.m. on April 20, 1989, the Debtor consumed seven or eight beers at a friend's house.

2) At approximately 2:00 a.m. the Debtor, accompanied by another friend, Tim McHale ("McHale"), left the friend's house and drove home in his van, arriving at approximately 2:30 a.m.

3) The Debtor slept from approximately 2:30 a.m. until approximately 8:30 a.m. when he and McHale left the Debtor's house to go to McHale's for breakfast before the Debtor had to report to work at 10:00 a.m.

4) McHale's house was on Bay Road, a four-lane road in the Town of Webster, New York.

5) The Debtor was driving his van on Bay Road in the right-hand lane when he slowed down to approximately ten miles per hour about ten feet before making a right turn into McHale's driveway. Because he was driving an extended van (three-and-a-half feet longer than a standard van) and McHale's driveway was very narrow with mailboxes on either side, the Debtor, with his right turn signal light on, moved slightly out into the adjoining left lane (a quarter or a third of the way) so that he could make a sufficiently wide turn to be able to pull into McHale's driveway.

6) While making the turn into McHale's driveway there was a collision involving the Anuskiewicz car. Anuskiewicz's left-front bumper struck the Debtor's right-front bumper. This resulted in the Anuskiewicz car hitting one of the mail boxes on the side of the driveway and striking a tree.

7) The Debtor testified that he did not see the Anuskiewicz car at anytime before the accident actually occurred.

8) Anuskiewicz, an elderly woman, was not injured in the accident.

9) After the police, called by McHale's parents, investigated the accident at the scene, the Debtor was asked to go to the Webster Police Station where he was administered a Breathalyzer Test and issued an appearance ticket for Webster Town Court charging him with driving while intoxicated.

10) Thereafter, the Debtor, who was represented by an attorney at the return date in Webster Town Court, plead guilty to and was convicted of driving while intoxicated at the time of the accident.

**DISCUSSION**

Prior to the 1984 Amendments to Section 523 of the Bankruptcy Code which added Section 523(a)(9), victims who had suffered personal injuries and associated property damages in accidents involving debtors who were driving while intoxicated sought to have their claims found by the courts to be nondischargeable as willful and malicious injuries under Section 523(a)(6). The approaches and formulas used by the courts in deciding these cases and, sometimes, even the decisions themselves were inconsistent.[1]

In 1984 Congress amended Section 523 and added Section 523(a)(9)[2] which essentially made debts for personal injury and property damage incurred by a debtor who was driving while intoxicated nondischargeable, provided the debt was evidenced by a judgment or consent decree.

The legislative history to the 1984 Amendments indicates the strong concern that Congress had for victims who had suffered personal injuries caused by debtors driving while intoxicated.

1. For an excellent survey and discussion of the case law prior to the 1984 Amendments, see Jeff Weinberg, Comment, *Accidental "Wilful and Malicious Injury": The Intoxicated Driver in § 523(a)(6),* 1 Bank.Dev.J. 135 (1984).

2. Section 523(a)(9) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from an debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

From the time of the 1984 Amendment until Section 523(a)(9) was once again amended in 1990, many cases decided by the courts involved the question of whether a judgment or consent decree had been entered before the filing of the petition.[3] In many of the cases decided during this period, creditor victims sought a determination of nondischargeability under Section 523(a)(6) because the debtor had filed a petition before any judgment or consent decree could be entered, and, therefore, Section 523(a)(9) was not applicable.

Congress further amended Section 523(a)(9)[4] which was effective for cases filed after November 1990. As amended, Section 523(a)(9) no longer requires a prepetition judgment or consent decree but only a finding that death or personal injury was caused by a debtor operating a motor vehicle unlawfully because the debtor was intoxicated from using alcohol, a drug or another substance.

Hartford urges the Court to decide that under Section 523(a)(6) any indebtedness for property damages incurred by a debtor involved in a motor vehicle accident where the Debtor was driving while intoxicated is per se nondischargeable as a willful and malicious injury, or, in the alternative, that on the facts and circumstances of this case, the property damage suffered by Anuskiewicz, as evidenced by the Hartford Judgment, is nondischargeable as a willful and malicious injury.

Hartford urges the Court to accept that line of decisions before the 1990 amendments which find that the intentional, deliberate and malicious act required under Section 523(a)(6) is the very act of driving while intoxicated. *See In re Adams,* 761 F.2d 1422, 1426 (9th Cir.1985); *In re Callaway,* 41 B.R. 341, 345 (Bankr.E.D.Pa.1984; *In re Greenwell,* 21 B.R. 419 (S.D.Ohio 1982). It suggests that the Court not follow the line of cases which require that there be an intentional and deliberate act to cause injury to the person or property of another. *See In re Bryson,* 3 B.R. 593, 596 (Bankr.N.D.Ill 1980); *In re Naser,* 7 B.R. 116, 118 (Bankr.W.D.Wis.1980); *In re Maney,* 23 B.R. 61, 62 (Bankr.W.D.Ok.1982).

■ Given the history of the amendments to Section 523 and specifically the 1990 amendment to Section 523(a)(9), it would be unreasonable to have a per se rule that property damage caused by a debtor driving while intoxicated is nondischargeable as a willful and malicious injury. Congress had the opportunity to make property damage caused by an intoxicated driver per se nondischargeable, but it chose not to when it redefined the kind of injury covered by Section 523(a)(9) to be only for death or personal injury.

This Court believes that after the 1990 Amendment to Section 523(a)(9), Section 523(a)(6) is still available to a creditor who has suffered property damage caused by a debtor driving while intoxicated. However, the conduct required to find such an indebtedness nondischargeable under Section 523(a)(6) must be deliberate, intentional and malicious, and of a more egregious nature than some of the conduct which may have been found to be willful and malicious under Section 523(a)(6) by some courts prior to the addition of and amendment to Section 523(a)(9).[5]

■ This Court agrees with those courts which hold that the proper standard to be employed when making determinations under Section 523(a)(6) and balancing "fresh start" policy and nondischargeability considerations is that the creditor must prove, by a preponderance of the evidence, that the injury in question resulted from an

3. For a discussion and summary of those cases, see Kalevitch, *Cheers? The Drunk-Driving Exception to Discharge,* 63 Am.Bankr.L.J. 213 (1989).

4. Section 523(a)(9) now provides, "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."

5. During that time some courts may, understandably, have been in part attempting to make a social policy determination which Congress has now addressed twice and finally made.

act that was both willful, deliberate or intentional, and malicious, wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will. *See In re Muhammad,* 135 B.R. 294, 298 (Bankr.N.D.Ill.1991). A Debtor's conduct is malicious if he knew or should have known that the conduct would cause harm to the creditor. *In re Cohen,* 121 B.R. 267, 271 (Bankr.E.D.N.Y.1990).

On the facts of this case, as testified to by the Debtor at his February 1993 deposition, the Debtor, although he may have been driving while intoxicated, clearly did not deliberately, intentionally and with malice cause injury to Anuskiewicz or her property within the meaning of Section 523(a)(6). After nearly six hours sleep the Debtor probably did not even believe he was driving while intoxicated at the time of the accident. Furthermore, it appears that the accident may have been caused as much by the negligence of Anuskiewicz as by the conduct or condition of the Debtor. Although the Debtor was technically driving while intoxicated, there is no indication from the facts before the Court that this actually caused or even contributed to the accident, which on the facts presented appears to have been caused by the negligent driving of both of the parties to the accident.

## CONCLUSION

This Court holds that for cases filed after November, 1990 property damage caused by a debtor driving while intoxicated is not per se a willful and malicious injury making any related indebtedness nondischargeable under § 523(a)(6). However, such damage may be nondischargeable as a willful and malicious injury under appropriate facts and circumstances. On the facts and circumstances of this case, the Court finds that the property damage incurred by Anuskiewicz in the accident with the Debtor was not a willful and malicious injury to her property within the meaning of § 523(a)(6). Therefore, the indebtedness evidenced by the Hartford Judgment is dischargeable. By agreement, Hartford's cause of action under Section 727 is dismissed.

**IT IS SO ORDERED.**