In re Jack WILLIAMS, III, Debtor.

**METRO GOVERNMENT OF NASHVILLE and Davidson County, Tennessee, acting by and through the Electric Power Board, operating under the name Nashville Electric Service, Plaintiffs,**

v.

**Jack WILLIAMS, III, Defendant.**

**Bankruptcy No. 394–04746.**
**Adv. No. 394–0335A.**

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 7, 1994.

David W. Piper, Nashville, TN, for debtor/defendant.

Kent W. Cochran, Nashville, TN, for plaintiff Nashville Elec. Service.

James Davidson Lane, III, Nashville, TN, for trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question is whether a claim for property damage can be nondischargeable under § 523(a)(9)[1] of the Bankruptcy Code. Only claims for personal injury or wrongful death can be nondischargeable under 11 U.S.C. § 523(a)(9); property damage claims are outside the scope of that section. The following are findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

### I.

On February 26, 1994, the debtor lost control of his car and ran into a utility pole owned by the Metropolitan Government of Nashville. Repair of the pole cost Metro $2,425.58. No one was injured in the accident. The debtor was convicted of driving under the influence at the time of the accident.

On July 15, 1994, the debtor filed a Chapter 7 case. Metro filed this complaint alleging that its claim for repair of the utility pole is nondischargeable under 11 U.S.C. § 523(a)(9). Metro eschews reliance on any

---

1. 11 U.S.C. § 523(a)(9) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

other statutory exception to discharge. On cross-motions for summary judgment, the debtor contends that a claim for purely property damage is not within the scope of § 523(a)(9).

## II.

■ Construing § 523(a)(*9*) "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *see also Patterson v. Shumate,* 504 U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). Where "the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030 (internal quotations and citation omitted).

■ Section 523(a)(9) excepts from discharge "any debt ... *for death or personal injury* ...." 11 U.S.C. § 523(a)(9) (emphasis added). "Death" is self explanatory. "Personal injury" is not ambiguous: it means physical or mental impairment, damage, loss or detriment to a person. In other contexts, the courts have recognized that "personal injury" in a statute means injury to a person, not injury to property. *See United States v. Burke,* 504 U.S. ——, ——, 112 S.Ct. 1867, 1875, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) (with respect to "personal injury" in 26 U.S.C. § 104(a)(2), "its more common connotation embraces only physical injuries to the person...."). *See also United States v. James,* 478 U.S. 597, 614, 106 S.Ct. 3116, 3125–26, 92 L.Ed.2d 483 (1986) (Stevens, J., dissenting) ("harm to the person (usually referred to as personal injury)"); *Threlkeld v. Commissioner of Internal Revenue,* 848 F.2d

81, 84 (6th Cir.1988) ("Injury to a person's hand or arm is a personal injury.... [I]njury to ... reputation ... was a personal injury."); *Boyett Coffee Co. v. United States,* 775 F.Supp. 1001 (W.D.Tex.1991) (A corporation cannot suffer "personal injury" because it is not a human being.).

Congress demonstrated its understanding of the distinction between property damage claims and personal injury claims elsewhere in § 523(a). For example, § 523(a)(6) provides an exception to discharge "for willful and malicious injury by the debtor to another entity *or to the property of another entity.*" 11 U.S.C. § 523(a)(6) (emphasis added). There is no similar "property damage" language in § 523(a)(9).[2] No reported court decision has been found interpreting § 523(a)(9) to except property damage claims from discharge. *See Roberts v. Spencer (In re Spencer),* 168 B.R. 142 (Bankr.N.D.Tex. 1994) ("§ 523(a)(9) declares nondischargeable debts for 'death or personal injury.' Consequently, the portion of [plaintiff's] claim relating to damage to her vehicle and rental of a replacement vehicle were discharged."); *Hartford Ins. Group, Inc. v. Chapin (In re Chapin),* 155 B.R. 323 (Bankr.W.D.N.Y.1993) (1990 amendments to § 523(a)(9) "redefined the kind of injury covered by section 523(a)(9) to be only for death or personal injury."); *In re Higgins,* 161 B.R. 993 (Bankr.W.D.Mo.1993) (any assertion by the creditor of nondischargeability under § 523(a)(9) would likely be denied because creditor offered no evidence of personal injury or death—only property damage); *State Farm Mutual Automobile Ins. Co. v. Mahlman (In re Mahlman),* 136 B.R. 723 (Bankr. S.D.Ohio 1992) (type of damage may be relevant to determination of amount of nondischargeable claim).

---

**2.** In many other contexts, congressional intent to include both personal injury and property damage within a codification is clearly expressed. *See, e.g.,* 7 U.S.C. § 2262 (liability insurance coverage in foreign countries for "damage to or loss of property or personal injury or death"); 10 U.S.C. § 2733 ("Property loss; personal injury or death" incident to noncombat activities); 12 U.S.C. § 1703 (financial institution insurance—reduce risk of personal injury or property damage); 16 U.S.C. § 831c–2 (actions against the Tennessee Valley Authority for injury to or loss of

property or personal injury). Where the only subject of a statute is harm to a person, Congress uses the terms *personal injury, death, or sickness. See, e.g.,* 5 U.S.C. § 8102 (compensation for disability or death of an employee resulting from personal injury); 15 U.S.C. § 2061 (consumer products which present imminent and unreasonable risk of death, serious illness, or severe personal injury); 26 U.S.C. § 104(a)(2) (exclusion from income of awards "on account of personal injury or sickness").

### III.

 Metro contends this result is contrary to congressional intent that drunk drivers not escape financial responsibility through bankruptcy. Resort to legislative history or policy arguments is inappropriate where the language of the statute is clear and not patently at odds with Congress' stated purpose. *See, e.g., Toibb v. Radloff,* 501 U.S. at 162, 111 S.Ct. at 2200.

The scant legislative history of § 523(a)(9) reveals no " 'clearly expressed legislative intent . . .' " contrary to the plain language of the section. *Id.* at 161, 111 S.Ct. at 2200. (citation omitted). Section 523(a)(9) was added to the Bankruptcy Code in 1984 [3] and was rewritten in 1990 [4] to close three loopholes in the original codification. See 136 CONG.REC. S17654 (1990); 136 CONG.REC. H12972 (1990).

Prior to the 1990 amendments, § 523(a)(9) excepted from discharge only drunk driving debts that arose from "a judgment or consent decree entered in a court of record." To avoid nondischargeability, a debtor had only to win the race to the court house.[5] The "judgment or consent decree" condition was removed by the 1990 amendments.

Prior to 1990, debtors could avoid nondischargeability for drunk driving claims by filing Chapter 13 rather than Chapter 7. Congress found this use of Chapter 13 "simply unacceptable. The societal interest both in discouraging such driving and compensating victims must take precedence over more general considerations of bankruptcy policy." 136 CONG.REC. H12972, 12973 (1990). Sec-

tion 1328(a) was amended in 1990 to except from discharge upon completion of payments under a Chapter 13 plan debts described in § 523(a)(9).

Finally, in 1990 Congress "expand[ed] the reference to intoxication beyond the alcohol context by explicitly referring to the use of 'alcohol, a drug, or another substance.' " *Id.* See also 136 CONG.REC. S17654 (1990).

These three objectives are clear from the legislative history. There is no "history" specific to the phrase "death or personal injury." The general tenor of the legislative history is concern for victims of intoxicated drivers who have lost a loved one or have themselves been personally injured.

 Metro's policy concerns are overstated. That Congress omitted property damage from § 523(a)(9) does not result in the discharge of all such debts. The dischargeability in bankruptcy of property damage claims remains subject to § 523(a)(6).[6] *See Stackhouse v. Hudson (In re Hudson),* 859 F.2d 1418 (9th Cir.1988); *Hartford Ins. Group, Inc. v. Chapin (In re Chapin),* 155 B.R. 323 (Bankr.W.D.N.Y.1993).

 The question whether § 523(a)(9) should be extended to include property damage caused by an intoxicated debtor is best addressed to the legislature: "There is a basic difference between filing a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." *United States v. Locke,* 471 U.S. 84, 95, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985).

**3.** Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 371(2), 98 Stat. 364 (1984). As originally formulated, § 523(a)(9) excepted from discharge any debt: [T]o any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.
11 U.S.C. § 523(a)(9) *(before amendment by* Crime Control Act of 1990, Pub.L. No. 101–647, § 3102(a), 104 Stat. 4789 (1990)).

**4.** *See* Crime Control Act of 1990, Pub.L. No. 101–647, § 3102(a), 104 Stat. 4789 (1990). An identi-

cal amendment was included in the Criminal Victims' Protection Act of 1990, Pub.L. No. 101–581, 104 Stat. 2865 (1990).

**5.** Offended by this result, some courts construed the statute "broadly" to include claims not yet reduced to judgments or consent decrees. *See, e.g., Stackhouse v. Hudson (In re Hudson),* 859 F.2d 1418 (9th Cir.1988) (citing cases); *In re Thomas,* 51 B.R. 187, 189 (Bankr.E.D.Va.1985) (observing it was not the quick thinking drunk Congress intended to benefit).

**6.** Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity *or to the property of another entity."* 11 U.S.C. § 523(a)(6) (emphasis added).

Here, "even [after going behind the plain language of the statute in search of a possibly contrary congressional intent] nothing in the legislative history remotely suggests a congressional intent contrary to Congress' chosen words ... any further steps take the courts out of the realm of interpretation and place them in the domain of legislation." *Id.* at 96, 105 S.Ct. at 1793.

Because § 523(a)(9) is Metro's only cause of action, the debtor is entitled to summary judgment.

An appropriate order will be entered.