In re Zackery Clem BRISSON,
Chapter 7 Debtor.

Sidney A. MOORE, Plaintiff,

v.

Zackery Clem BRISSON, Defendant.

Bankruptcy No. 94–31802–T.
Adv. No. 94–3103.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

March 22, 1995.

Marilyn C. Goss, Richmond, VA, for plaintiff.

John K. Dixon, III, Richmond, VA, for debtor/defendant.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held December 21, 1994, on plaintiff's complaint to except a judgment debt from discharge pursuant to 11 U.S.C. § 523(a)(6) and (a)(9).

For reasons stated in this opinion, judgment will be entered for defendant, and the complaint dismissed.

### Facts

On May 29, 1993, debtor was drinking alcoholic beverages for approximately two hours in a neighborhood bar in Richmond, Virginia; upon leaving the bar, he got into his motor vehicle, started to drive away, and struck plaintiff's parked motor vehicle, causing substantial damage.

Plaintiff, who lived nearby, heard the collision and went to the scene where he saw debtor and had the opportunity to observe debtor's demeanor. Before police arrived, debtor left the scene.

At the time debtor struck plaintiff's vehicle, debtor was intoxicated from the consumption of alcohol. However, he did not intentionally strike the vehicle.

Subsequently, debtor was charged by police with operating a motor vehicle without liability insurance, leaving the scene of an accident, and reckless driving. Debtor pled guilty to all of these charges in City of Richmond traffic court.

Plaintiff later sued debtor for the damage to plaintiff's vehicle, and on December 16, 1993, a Richmond court granted plaintiff judgment in the amount of $6,000.00 plus costs and interest.

Debtor filed a chapter 7 bankruptcy petition on May 10, 1994.

### Discussion And Conclusions

By his complaint, plaintiff seeks to except the $6,000.00 property damage judgment from debtor's chapter 7 discharge under 11 U.S.C. § 523(a)(6) and (a)(9).

*Section 523(a)(9). Debtor's operation of a motor vehicle while intoxicated.*

■ This section excepts from discharge a debt:

for *death or personal injury* caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

11 U.S.C. § 523(a)(9) (emphasis added).

■ Although there was no scientific evidence of debtor's intoxication, the court has found as fact that, at the time of the accident, debtor was intoxicated from the consumption of alcohol. The finding of intoxication is based on the circumstances surrounding the accident and on the testimony of the plaintiff, a Richmond police officer who had the opportunity to observe debtor immediately after the accident.[1] It follows that debtor was unlawfully operating a motor vehicle while intoxicated when he struck and damaged plaintiff's vehicle.

■ Notwithstanding this finding, it is incontestable that since the 1990 Bankruptcy Code amendments, § 523(a)(9) does not except property damage from discharge. *See Metro Government of Nashville v. Williams (In re Williams)*, 175 B.R. 17, 19–20 (Bankr. M.D.Tenn.1994); *Hartford Ins. Group, Inc. v. Chapin (In re Chapin)*, 155 B.R. 323, 325–26 (Bankr.W.D.N.Y.1993). Accordingly, plaintiff cannot prevail under this theory of his complaint.

*Section 523(a)(6). Willful and malicious injury to property.*

■ This section excepts from discharge a debt that arose because of a debtor's willful and malicious injury to an entity or to the property of an entity. The term willful is defined as " 'deliberate or intentional', a deliberate and intentional act which necessarily leads to injury." *Rountrey v. Lee (In re Lee)*, 90 B.R. 202, 207 (Bankr.E.D.Va.1988). As to malice, the Court of Appeals for the Fourth Circuit in *St. Paul Fire & Marine Ins. Co. v. Vaughn* wrote:

there is no need to show specific malice under § 523(a)(6) of the Code on the part of the debtor. Something implied is no less true than something expressed. Only the method of proof is different. Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is sufficient under 11 U.S.C. § 523(a)(6).

*St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir.1985). "Under this standard for malice an act that is done deliberately and intentionally in knowing disregard of the rights of another would satisfy this implied malice standard." *In re Lee*, 90 B.R. at 207.

■ Plaintiff's counsel argues that the mere fact that debtor unlawfully drove his vehicle while intoxicated is per se sufficient to support a finding of willful and malicious injury to plaintiff's motor vehicle. I decline to follow those decisions which support plaintiff's argument.[2] Instead, I agree with the

1. Plaintiff stated that debtor smelled strongly of alcohol, that his eyes were bloodshot and glazed, and that he staggered and had to hold to a wall to keep his balance; in plaintiff's opinion debtor was intoxicated. Debtor testified that he did not think he was intoxicated; however, he acknowledged being in the bar for two hours and drinking at least two beers or alcoholic drinks. The evidence is plainly sufficient to sustain a finding that debtor was intoxicated when he struck plaintiff's vehicle. *See Whitson v. Middleton*, 898 F.2d 950, 952–53 (4th Cir.1990).

2. *See Moraes v. Adams (In re Adams)*, 761 F.2d 1422 (9th Cir.1985); *Searight v. Thomas (In re Thomas)*, 51 B.R. 187 (Bankr.E.D.Va.1985); *Caldarelli v. Callaway (In re Callaway)*, 41 B.R. 341 (Bankr.E.D.Pa.1984). It should be noted that these decisions were rendered while the original

version of § 523(a)(9) was in effect. As enacted in 1984 this section provided:

(a) A discharge ... does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that *such debt arises from a judgment or consent decree entered in a court of* record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction *within the* United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;

11 U.S.C. § 523(a)(9) (emphasis added) (amended 1990).

The stringent requirement of the original provision that a plaintiff have a judgment was a cause of concern to courts and may have influenced those rulings which held driving while

rationale of the more recent and contrary position that property damage caused by a debtor driving while intoxicated is *not per se* nondischargeable. *See In re Chapin,* 155 B.R. at 326–27; *cf. In re Williams,* 175 B.R. at 20.

The evidence here is that debtor became intoxicated while drinking in a bar over a period of two hours. Debtor's testimony was that he had been upset over his mother's illness, that he did not think he was intoxicated, and that he did not intend to strike plaintiff's vehicle. Although some of this testimony may be questionable, it is essentially unrefuted.

The evidence before the court simply does not support a finding that debtor intentionally and maliciously caused plaintiff's property damage, and plaintiff is not entitled to judgment under § 523(a)(6).

While the result may seem unfortunate, Congress has chosen to remove property damage from the discharge exception of § 523(a)(9). Although I can conceive of circumstances where driving while intoxicated could be willful and malicious, those circumstances are not present in this case.

A separate order will be entered granting judgment for debtor.

intoxicated damages as willful and malicious. *See Stackhouse v. Hudson (In re Hudson),* 859 F.2d 1418, 1421–22 (9th Cir.1988); *In re Thomas,* 51 B.R. at 188–89. The requirement for a judgment was removed by the 1990 amendment which also removed property damage from the § 523(a)(9) exception to discharge. *See In re Williams,* 175 B.R. at 20.