In re Laura EDWARDS, Michael T. Edwards, Debtors.

David R. AMMONS, Deborah Ammons, Plaintiffs,

v.

Laura EDWARDS, Michael T. Edwards, Defendants.

Bankruptcy Nos. 97–12797DAS.
Adversary No. 97–0665DAS.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 29, 1997.

Michael P. Kelly, Cowan & Kelly, P.C., Langhorne, PA, for Debtors.

Douglas A. Aaron, Dion, Rosenau & Smith, Philadelphia, PA, for Plaintiffs.

Michael H. Kaliner, Fairless Hills, PA, Chapter 7 Trustee.

Frederic Baker, Ass't. U.S. Trustee, West Philadelphia, PA, U.S. Trustee.

## OPINION

DAVID A. SCHOLL, Chief Judge.

### A. INTRODUCTION

The instant proceeding presents one narrow question: is a debt which arose from property damage to the vehicle of DAVID R. AMMONS and DEBORAH AMMONS ("the Plaintiffs") as a result of the drunk driving of Co–Debtor MICHAEL T. EDWARDS ("Michael") nondischargeable? Since property damage claims have been expressly excluded from 11 U.S.C. § 523(a)(9) by a 1990 amendment of that Code section, the Plaintiffs are compelled to rely on 11 U.S.C. § 523(a)(6) as a basis for nondischargeability.

We find that the 1990 amendments undermine the reasoning of those cases holding that claims for property damage caused by a debtor's drunk driving are *per se* nondischargeable. We also find that drunk driving alone, without evidence of additional facts, is not within the scope of actions which "have a purpose of producing injury or have a substantial certainty of producing injury," as required to establish nondischargeability under § 523(a)(6) by *In re Conte*, 33 F.3d 303, 307 (3d Cir.1994). Therefore, we answer the question presented in the negative on this limited record and declare the debt in issue dischargeable.

### B. PROCEDURAL AND FACTUAL HISTORY

Michael and LAURA EDWARDS ("Laura") (with Michael, "the Debtors") filed a joint voluntary Chapter 7 bankruptcy case on March 7, 1997. On May 19, 1997, the Plaintiffs filed the timely instant adversary proceeding ("the Proceeding") against both Debtors. After one continuance, the Proceeding came before us for trial on August 5, 1997. At the trial, the Plaintiffs withdrew their claim against Laura. *Accord, In re Brown*, 201 B.R. 411 (Bankr.W.D.Pa.1996) (wife's providing access to her vehicle to husband who engaged in drunk driving does not give rise to a nondischargeable obligation). The parties agreed to present the matter on stipulated facts and submissions provided to us by August 11, 1997.

The stipulated facts are sufficiently succinct to quote in full as follows:

1. On June 28, 1996, Michael ... struck the rear of plaintiffs' stopped motor vehicle with his vehicle.

2. Michael ... was operating his vehicle while under the influence of alcohol and subsequently plead guilty to DUI.

3. Plaintiffs sustained property damage to their vehicle in the amount of $2,242.21.

### C. DISCUSSION

The Bankruptcy Code provides, at 11 U.S.C. § 523(a)(6), that

[a] discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

Prior to 1984, the courts disagreed as to whether § 523(a)(6) rendered debts arising from a debtor's drunken driving nondischargeable. *See In re Callaway*, 41 B.R. 341 (Bankr.E.D.Pa.1984) (KING, J.) (cites cases holding that such debts are and are not nondischargeble, and follows what it finds is the "trend" of holding such debts to be nondischargeable).

As is noted in 4 COLLIER ON BANKRUPTCY, ¶ 523.15, at 523–100 (15TH Rev. ed. 1996) ("Collier"), Congress added 11 U.S.C. § 523(a)(9) to the Code in 1984 to attempt to resolve this split of authority. The original version of this Code section is thusly quoted in *Lugo v. Paulsen*, 886 F.2d 602, 608 (3d Cir.1989):

Section 523(a)(9) of the Bankruptcy Code excepts from discharge a debt

"to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was

incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;" . . .

However, as Collier further notes, ¶ 523.15, at 523–100 to 523–100.1, § 523(a)(9) was amended in 1990 to preclude the discharge of a debt

for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance; . . .

As Collier observes, ¶ 523.15, at 523–100.1,

The amendment in 1990 broadened the exception to discharge by:

● removing the earlier requirement that the debt be evidenced by a judgment to be nondischargeable, and

● including drug-based intoxication within the scope of the exception.

The 1990 amendment also made the exception applicable in chapter 13 cases.

At the same time, the amendment in 1990 narrowed the exception by limiting it to debts arising from death or personal injury caused by the debtor's unlawful operation of a motor vehicle.

The Plaintiffs rely upon language in *Lugo, supra,* 886 F.2d at 609–10; and *In re Adams,* 761 F.2d 1422, 1426–27 (9th Cir.1985), which support a broad Congressional intent to have debts arising from drunk driving be deemed nondischargeable *per se,* under § 523(a)(6) or § 523(a)(9). *Accord, In re Fielder,* 799 F.2d 656, 660–61 (11th Cir.1986). *But see Cassidy v. Minihan,* 794 F.2d 340, 343–44 (8th Cir. 1986); and *In re Compos,* 768 F.2d 1155, 1157–59 (10th Cir.1985) (concluding, to the contrary, that the legislative history of § 523(a)(6) evinces an intention not to render debts arising from drunk driving nondischargeable *per se* ). *See* Collier, *supra,* 523.12(1), at 523–89 to 523–90 (stating that cases such as *Cassidy* and *Compos* reflect the "better view . . . because driving while intoxicated was not an act which necessarily

caused harm or was substantially certain to cause harm").

Although the Third Circuit Court of Appeals has not addressed § 523(a)(9) since *Lugo,* and hence has not commented on this Code section after it was amended in 1990, it has set forth the standards for determining § 523(a)(6) liability generally in *Conte, supra,* 33 F.3d at 307, as follows:

We hold that actions are willful and malicious within the meaning of § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury.

■ We agree with Collier's analysis and hold that it is impossible to find, on this record describing no conduct of Michael except his drunken driving, that Michael can be found to have had a purpose of injuring the Plaintiffs or to have had a "substantial certainty" of producing injury to them. There is no evidence that Michael had any sort of purpose of injuring the Plaintiffs. Similarly, there is no evidence to rebut the intuitive notion that many drunk drivers avoid accidents despite their inebriation, and hence that drunk driving is not, in and of itself, "substantially certain" to produce injury.

■ As Collier also notes in the passage quoted at page —— *supra,* Congress has, in the 1990 amendments, more clearly defined the scope of nondischargeability *per se* in the event of liabilities of debtors arising from drunk driving. It has eliminated the requirement of a judgment against the debtor and has included drug-based intoxication among the conduct which automatically triggers nondischargeability, but it has, on the other hand, confined automatic nondischargeability to liabilities causing death and personal injury to the plaintiff or the plaintiff's decedent. These legislative changes would constitute meaningless tinkering if Congress had intended § 523(a)(6) to continue to render all intoxication-based liabilities nondischargeable.

We note that, since the 1990 amendments to § 523(a)(9), the vast majority of decisions have refused to extend § 523(a)(6) to embrace intoxication-based liabilities not within the scope of amended § 523(a)(9). *See In re*

*Greenway*, 71 F.3d 1177 (5th Cir.), *cert. denied sub nom. Boyce v. Greenway*, —— U.S. ——, 116 S.Ct. 2499, 135 L.Ed.2d 191 (1996) (motorboat accident); *In re Taneff*, 190 B.R. 501 (W.D.N.Y.1996); *In re Fall*, 192 B.R. 16 (Bankr.D.N.H.1995) (motorboat accident); *In re Goormastic*, 1995 WL 404722 (Bankr. N.D.Ohio June 7, 1995); *In re Mutschler*, 1994 WL 463955 (Bankr.W.D.Pa. August 26, 1994); *In re Ballard*, 186 B.R. 297 (Bankr. N.D.Ga.1994) (§ 523(a)(6) may apply if additional aggravating conditions are proven); *In re Brisson*, 186 B.R. 205 (Bankr.E.D.Va. 1995); *In re Kemmerer*, 156 B.R. 806 (Bankr. S.D.Ind.1993); *In re Chapin*, 155 B.R. 323 (Bankr.W.D.N.Y.1993); and *In re Kupinsky*, 133 B.R. 993 (Bankr.S.D.Ill.1991).

We could only locate two post–1990 amendment decisions which appear to hold to the contrary, *In re Dale*, 199 B.R. 1014 (Bankr.S.D.Fla.1995); and *In re Phalen*, 145 B.R. 551 (Bankr.N.D.Ohio 1992). *Cf. Willison v. Race*, 192 B.R. 949 (W.D.Mo.1995) (motorboat accident held within § 523(a)(9), contrary to *Greenway, supra;* and *Fall, supra* ); and *In re Williams*, 175 B.R. 17, 20–21 (Bankr.W.D.Tenn.1994) (suggests, in dicta, that § 523(a)(6) could support nondischargeability in certain circumstances); and *In re Adams*, 147 B.R. 407 (Bankr.W.D.Mich.1992) (discharge denied under § 523(a)(6) to a nonintoxicated motorist-debtor who was speeding through a red light). However, although both *Dale, supra*, 199 B.R. at 1018–19; and *Phalen, supra*, 145 B.R. at 555–56, hold that a § 523(a)(6) action lies against intoxicated motorist debtors, these holdings are unnecessary in these cases, because the plaintiffs there suffered death or personal injuries and the debts were clearly nondischargeable under § 523(a)(9). *Dale, supra*, 199 B.R. at 1020–22; and *Phalen, supra*, 145 B.R. at 553–55.

As for *Adams*, that case does not involve intoxication, and in our view reveals the difficulties of squaring liability at the hands of an intoxicated motorist-debtor with the *Conte* standard. *See also In re Greve*, 97 B.R. 383 (Bankr.S.D.Ohio 1989) (nondischargeability found when nonintoxicated motorist accelerated with passenger hanging onto car). *But see In re Fate*, 100 B.R. 141 (Bankr.D.Mass.

1989) (reckless, uninsured driver discharged); and *In re Granda*, 98 B.R. 598 (Bankr. S.D.Fla.1989) (same). The logical extension of such reasoning could render debts incurred due to garden-variety vehicular negligence nondischargeable.

We perceive no reason to intuitively conclude that parties who cause even egregious motor vehicle accidents have a purpose of having an accident. Reasoning such as *Adams* ultimately becomes very close to the discredited argument, unsuccessfully raised in *Fate, supra*, 100 B.R. at 143; and *Granda, supra*, 98 B.R. at 599, that an intentional failure to obtain mandatory liability insurance can create § 523(a)(6) liability to the party injured by an uninsured debtor. *See, e.g., In re Walker*, 48 F.3d 1161 (11th Cir. 1995); *In re Glass*, 207 B.R. 850 (Bankr. E.D.Mich.1997); *In re Fields*, 203 B.R. 401 (Bankr.M.D.La.1996); *Brown, supra*, 201 B.R. at 414–15; and *In re Tennett*, 1989 WL 155683 (Bankr.E.D.Pa. Dec.20, 1989).

We note that this decision is not to be construed as a brief for minimizing the severity of the damages of driving while intoxicated and loosening the measures for discouraging such activity. *See* Comment, *The Drinking Driver: An Approach to Solving a Problem of Underestimated Severity*, 14 Villanova L.Rev. 97 (the court's own early work in this area). Rather, it is to be perceived as a necessary response to the interplay of 11 U.S.C. §§ 523(a)(6) and 523(a)(9) as they are presently drafted. The maxim *expressio unius est exclusio alterius* (where a law specifically applies to a named situation, the unnamed situation may be deemed excluded) supports the conclusion that the exclusion of personal injury liabilities from § 523(a)(9) renders such liabilities dischargeable under that section and perhaps under § 523(a)(6) as well.

We must also note this court's § 523(a)(6) jurisprudence, which has consistently maintained that, as in the case of all exceptions to dischargeability, the § 523(a)(6) exception must be narrowly construed to further equal treatment of all creditors and preserve a debtor's fresh start. *Compare In re Topakas*, 202 B.R. 850, 859–60 (Bankr.E.D.Pa. 1996), *aff'd*, 1997 WL 158197 (E.D.Pa. March

31, 1997). In *Topakas,* we found that a debtor's gross sexual harassment of an employee was conduct which *was* both willful and malicious and hence *within* the scope of § 523(a)(6), as interpreted by *Conte* and our own § 523(a)(6) cases. Liabilities arising from drunk driving, with proof of aggravated circumstances, could conceivably be nondischargeable under § 523(a)(6). *See Ballard, supra,* 186 B.R. at 300–01; and *Williams, supra,* 175 B.R. at 20. However, the instant record, containing nothing more than the statement that Michael was operating his vehicle under the influence of alcohol when he struck and damaged the Plaintiffs' vehicle, is insufficient to meet this standard.

### D. CONCLUSION

We hold that, on the instant record, the Plaintiffs are not entitled to a declaration that the obligation of either of the Debtors to them is nondischargeable under 11 U.S.C. § 523(a)(6). An order so providing will be entered.